UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Buford Robertson, ) | C/A No. 4:12-712-MBS-TER |
| Plaintiff, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| Geo Columbia Regional Care Center, ) | |
| Defendant. ) | |

This matter is before the undersigned upon Plaintiff's motion to transfer. Plaintiff filed a letter on June 12, 2012, requesting that he be transferred to a different treatment facility until "I either be transferred back to West Virginia or until this U.S. District Court set a hearing date." (Doc. #24). This motion requesting the court to compel a transfer to a different facility is being treated as one for Preliminary Injunction.[1]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 129, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id.

Plaintiff fails to make the requisite showing. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this motion seeks injunctive relief, the report and recommendation is entered for review by the District Judge.

that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Plaintiff fails to make the requisite showing of likelihood of success on the merits including actual injury or harm and that, assuming injury or harm, it is irreparable. Plaintiff also fails to show an injunction is in the public interest.

As Plaintiff has failed to meet the Winter factors, it is recommended that this motion for preliminary injunction (#24) be denied.[2]

### CONCLUSION

Based on the above, it is recommended that Plaintiff's Motion for Transfer (doc. #24) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 22, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2] Plaintiff's request for an injunction to order a transfer is not available. There is no constitutional right for a state prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system").