UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Buford Robertson, | ) | C/A No. 4:12-712-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Geo Columbia Regional Care Center, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the court upon Plaintiff's motion to amend his complaint. (Doc. #59). Defendant filed a response in opposition asserting that the motion is untimely based on the court's scheduling order. Defendant further argues that it would be prejudiced if Plaintiff is allowed to amend the complaint as Plaintiff is attempting to add a new claim/cause of action raising a new theory not pled in the complaint requiring additional investigation by Defendant. Plaintiff filed a reply to the response asserting that he is not an attorney and knows "nothing regarding the procedures of the law and courts" and that his claim has merit. (Doc. #63).

      In the motion to amend the complaint, Plaintiff seeks to add a new claim/cause of action alleging Defendant was negligent in failing to protect him from another patient/inmate on July 12, 2012. However, Plaintiff did not file the motion to amend until October 11, 2012. Plaintiff's motion to amend his complaint was filed outside of the court's scheduling order of September 10, 2012. When seeking to amend a pleading after an applicable deadline in a scheduling order, a party must satisfy the good cause standard of Rule 16(b), Fed.R.Civ.P., before addressing the merits of a motion to amend under Rule 15(a), Fed.R.Civ.P. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); Dilmar Oil Co., Inc. v. Federated Mt. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Plaintiff

fails to show good cause. Furthermore, even assuming compliance with Rule 16(b), Plaintiff's motion should be denied under Rule 15. Additionally, Plaintiff previously filed a motion to amend his complaint on June 29, 2012. The court entered an order on July 25, 2012, advising Plaintiff that he had a right to amend his pleading under Rule 15(a) of the Federal Rules of Civil Procedure as a responsive pleading had not been filed at that time. Plaintiff failed to file an amended complaint. Accordingly, Plaintiff's motion to amend his complaint (#59) is DENIED.

Plaintiff also filed a document on November 13, 2012, asserting that he would like to proceed with his civil action "without requesting the Defendants mentioned above at this time show evidence." (Doc. #64).  Petitioner states that he "comes to this court and that he be allowed to proceed "without motioning the Defendants for their evidence." Id. Defendant filed a response stating it did not understand the relief Plaintiff was seeking in this document but opposed the motion to the extent it is attempting to establish liability of Defendant. (Doc. #72). Plaintiff filed a reply asserting that "the Relief that Plaintiff is seeking is (injunctive relief under 42 USC §1983) and the Defendants liability is that they violated Plaintiff's rights as a mental patient." (Doc. # 75).

It appears that Plaintiff seeks some restriction on the Defendant's ability to present evidence and to consider evidence he produces and grant injunctive relief. This motion (doc.#64) is not proper under the Federal Rules of Civil Procedure and is DENIED.

On December 10, 2012, Defendant filed a motion for an enlargement of time to file dispositive motions. (Doc. # 76). The current deadline pursuant to the court's scheduling order is December 19, 2012. Defendant requests an extension of time to file dispositive motions until January 18, 2013. Defendant asserts that the administrator for the Columbia Regional Care Center (CRCC), the facility where the Plaintiff is housed, recently relocated to Florida. As a result, Defendant contends that with the administrator's move and the transition period at CRCC, the

upcoming holiday season, and Defendant's counsel's trial schedule, Defendant needs additional time to consult with the former administrator and prepare the necessary paperwork in support of any dispositive motions. Defendant requests an extension of time to file dispositive motions until January 18, 2013. This motion is GRANTED.

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

December 19, 2012  
Florence, South Carolina